UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**LAUGHLIN ENERGY MOTOR SPORTS, LLC,**

  Plaintiff,

v.                                                **No. 4:22-CV-00876-P**

**AMERICANA PRO DETAILING PRODUCTS LLC,**

  Defendant.

## OPINION & ORDER

Before the Court is Defendant Americana Pro Detailing Products, LLC's Motion to Dismiss for Lack of Jurisdiction Under Rules 12(b)(2) and 12(b)(5). ECF No. 17. For the reasons stated below, the Court **DENIES** the Motion. Though Plaintiff's service was improper, in the interest of justice, the Court **GRANTS** Plaintiff one month to cure the deficiency.

## FACTUAL & PROCEDURAL BACKGROUND

This lawsuit arises out of a sponsorship agreement between Plaintiff Laughlin Energy Motor Sports, LLC ("Laughlin")—a Texas LLC involving a professional race car driver and his team—and Defendant ("Americana")—a one-member New York LLC that sells car washing products. ECF No. 9 at 1–4. The contract's terms required Laughlin to display Americana's logo on its car and driver during sixteen races Laughlin planned to participate in over 2018. ECF No. 23 at 7–8. In return, the contract required Americana to pay Laughlin in four installments. *Id.* Two of the twenty-four races scheduled for 2018 occurred in Texas. *Id.*

After making the first two payments, Americana missed its third payment. ECF No. 9 at 3. Laughlin emailed Americana to ask about the status of the overdue third payment. ECF No. 23 at 9–10. In response,

Americana assured Laughlin that payment was on the way and gave Laughlin direct instructions about how to advertise Americana's logo and products at an upcoming race in Dallas, Texas. *Id*. Americana also stated that a representative for the company would be present at the race. *Id*.

After Americana missed a second payment, Laughlin filed suit in Texas state court. ECF No. 1. Subsequently, the Texas Secretary of State forwarded the service citation with Daniel Pikarsky—Americana's sole member—named as the lone addressee. ECF No. 17 at 21. The citation was addressed to Post Etc., a company at which Americana rented a mail suite. *Id*. However, the address omitted Americana's mailbox, or "suite" number, from the mailing address. *Id*. As a result of this mistake, Americana asserts that an employee for Post Etc. signed the return receipt. *Id*. Americana further contends that Post Etc. was not authorized to accept service on Americana's behalf. *Id*. Despite the mistaken address, Post Etc. still notified Pikarsky of the service and delivered him the citation. *Id*.

Americana removed the case to federal court pursuant to 28 U.S.C. § 1441 and now seeks dismissal under Federal Rule of Civil Procedure 12(b)(5) and 12(b)(2). *Id*. at 1–22. Laughlin filed a Response (ECF No. 22), and Americana filed its Reply. ECF No. 24. The motion is thus ripe for the Court's consideration.

## LEGAL STANDARD

### A. Personal Jurisdiction

Plaintiff bears the burden of establishing jurisdiction but must present "only *prima facie* evidence." *Luv N' care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). In determining whether a plaintiff meets its burden, district courts must "accept the plaintiff's uncontroverted allegations as true and resolve all conflicts of jurisdictional facts contained in the parties' affidavits and other documentation in the plaintiff's favor." *Jones v. Artists Rts. Enf't Corp.*, 789 F. App'x 423, 425 (5th Cir. 2019).

2

## B. Insufficient Service of Process

Before a court exercises personal jurisdiction over a defendant, "the procedural requirement of service of summons must be satisfied." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). If a defendant was not properly served with process, the Court cannot exercise jurisdiction. *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995). When service of process is challenged by a defendant, the plaintiff has the burden to show that service was valid. *Sys. Sign Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990).

## ANALYSIS

## A. Personal Jurisdiction

District courts may exercise personal jurisdiction over nonresident defendants if two conditions are met: (1) if the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) if the exercise of personal jurisdiction satisfies the Due Process Clause of the Fourteenth Amendment. *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). And because the Texas long-arm statute extends to the limits of federal due process, the two-step process "collapses into one federal due process analysis." *Sangha v. Navig8 Ship Mgmt. Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018).

### 1. <u>Due Process - Minimum Contacts</u>

The Due Process Clause of the Fourteenth Amendment limits federal jurisdiction to cases where "the maintenance of the suit is reasonable, in the context of our federal system of government, and does not offend traditional notions of fair play and substantial justice." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 314 (1945)) (internal quotations omitted).

A court may also assert specific jurisdiction[1] over a nonresident defendant "whose contacts with the forum state are singular or sporadic

---

[1] Neither party asserts that Americana is subject to general jurisdiction. Thus, the Court only addresses whether specific jurisdiction exists.

3

only *if* the cause of action asserted arises out of or is related to those contacts." *Int'l Energy Ventures Mgmt.*, 818 F.3d at 212 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014)). When a plaintiff asserts specific jurisdiction, a court must determine: (1) whether "the defendant purposefully directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there"; and (2) whether "the controversy arises out of or is related to the defendant's conduct with the forum state." *Freudensprung*, 379 F.3d at 343. When a plaintiff successfully satisfies these two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

As to the first prong, contacts that are "random, fortuitous, or attenuated" do not satisfy the minimum contacts requirement. *Moncrief Oil, Int'l. Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007). But a single act by the defendant directed at the forum state can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993). And while a mere contract with a resident of the forum state is not enough on its own, the Court must also look to the context and activity surrounding the contract. *See Stuart v. Spademan*, 772 F.2d 1185, 1193 (5th Cir. 1985).

Americana's conduct surrounding the contract directs and avails itself to Texas. While Americana contends that the terms of the contract did not directly implicate Texas, the record is clear that Americana was fully aware that Texas was a race location. It nonetheless chose to direct advertising activities in the state. ECF No. 23 at 9–10. In an email before a Texas event, Pikarsky stated:

> Thank you for doing Dallas HW LEGENDS Tour. Andy will be there for us. [sic] covering the event. Please set your car up next to our HWCC display tent. Can you wear your HWCC Crew Shirt or suit?

*Id.* From this correspondence alone, Americana clearly knew the event was in Texas, had personnel attending the event, and gave specific instructions on how to advertise on Texas soil. *Id.* Americana knew that

their logo would be displayed at a Dallas venue, worn by a driver, and emblazoned on a stock car competing at a sporting event in Texas in front of Texan fans. The first prong is thus met.

The second prong requires "a connection between the forum and the specific claims at issue." *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.*, 137 S. Ct. 1773, 1781 (2017). At bottom, "there must be . . . [a related] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Ford Motor Co.*, 141 S. Ct. at 1025.

Plaintiff's cause of action arises out of a contract partially performed in Texas. Even if Americana did not have Texas on its mind at the time of contracting, the contract was partially performed in Texas under the unambiguous knowledge and direction of Americana. ECF No. 23 at 9–10. And though the contract was allegedly breached before the Texas races, another payment was missed after the performance of the sponsorship deal in Texas. It follows that the breach of contract arose—in part—out of Americana's contacts with Texas. Thus, Laughlin met his burden of satisfying both prongs.

### 2. Fair Play and Substantial Justice

Because minimum contacts exist, the burden shifts to Americana to show that the Court's exercise of jurisdiction would not comport with "fair play" and "substantial justice." *Freudenspreung*, 379 F.3d at 343. If minimum contacts are present "it is rare to say the assertion [of jurisdiction] is unfair." *McFadin v. Gerber*, 587 F.3d 753, 759–60 (5th Cir. 2009). But even where minimum contacts are present, courts must consider the following factors: (1) the burden on the defendant; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the several states' shared interest in furthering fundamental social policies. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008).

*First*, the burden on Americana is minimal. It has already appeared in Texas state court and federal court without issue for nearly a year. *Second*, Texas has a substantial interest in enforcing contracts that involve its citizens. *Third*, Laughlin—a resident of Erath

County—has an interest in maintaining one convenient and effective lawsuit in its place of domicile. *Fourth*, the judicial system's concerns for the efficient resolution of controversies favors keeping cases in a single forum. *Fifth*, the many states' interests are served by enforcing contracts and maintaining suits where they are properly brought.

For these reasons, the Court finds that exercising personal jurisdiction over Americana is proper.

## B. Improper Service of Process

When a case is removed to federal court, state law applies in determining whether service was proper before removal. *See Freight Terminals, Inc. v. RyderSys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972). Since Plaintiff commenced the state-court suit before Americana's removal, Texas law controls. *Id.*

### 1. Addressee's Signature

Americana contends that service was improper under the Texas Rules of Civil Procedure. The Court agrees.

Under Texas law, when service is completed through certified mail, the return receipt must bear the "addressee's signature." TEX. R. CIV. P. 107(c). The Fifth Circuit interprets this statute strictly. *See Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010) (finding that service was improper under Texas law for a signature defect). Even if a defendant receives actual notice of the suit through defective service, "[a] defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements." *Way v. Mueller Brass Co.,* 840 F.2d 303, 306 (5th Cir. 1988).

Here, the addressee of the citation was Americana's sole member: Daniel Pikarsky. Americana contends that Pikarsky never signed the return receipt and that an employee from Post Etc. signed it instead. Americana adds that the employee from Post Etc. was not authorized to accept service for Americana. As a result, the burden shifts to Laughlin to prove that either (1) the return receipt was signed by Pikarsky, or (2) that the employee from Post Etc. was Americana's agent. *See Sys. Sign*

6

*Supplies*, 903 F.2d at 1013. Laughlin fails to meet its burden on both issues.

*First*, the signature at issue is not in the record, and Laughlin produces no evidence that it was signed by Pikarsky. *See* ECF No. 22 at 12–14; ECF No. 26. *Second*, Laughlin argues that "service is still effective even though defendant's agent, not defendant, has signed the return receipt." ECF No. 22 at 13. To support this contention, Laughlin offers no evidence or proof that the post-room employee was an agent. *See* ECF No. 22 at 12–14; ECF No. 26. Even if the post-room employee was an agent, the case cited by Laughlin is factually different as the plaintiff placed the return receipt in the record, and the signature explicitly stated that it was from "addressee's agent." *Mahon v. Caldwell, Haddad, Skaggs, Inc.*, 783 S.W.2d 769, 771 (Tex. App.—Fort Worth 1990, no writ).

At bottom, Plaintiff has failed to produce the minimum amount of factual evidence necessary to meet its burden. Thus, service was improper.

### 2. Rule 4(m) Service Out of Time

Laughlin's service of process was improper under Texas law and thus the Court cannot properly exercise jurisdiction. *See McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995). The Court may extend the time for service but only in limited circumstances. FED. R. CIV. P. 4(m). And because Laughlin sued in state court over 260 days ago, the Court must look to Rule 4(m) to potentially cure the deficiency. *See* ECF No. 1–5.

Rule 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). But "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* When a plaintiff does not show good cause or request leave to cure service, the Fifth Circuit has consistently affirmed a district court's power to dismiss. *See Ayika*, 378 F. App'x at 434 ("[Plaintiff] failed to present any reasons why it should extend the time

7

period for filing service . . . . We thus find no abuse of discretion in the district court's decision to dismiss . . . without prejudice."); *Traina v. United States*, 911 F.2d 1155, 1157 (5th Cir. 1990) (finding no abuse of discretion for dismissing for improper service where the claim was time barred); *Sys. Signs Supplies*, 903 F.2d at 1014 (finding no abuse of discretion where a plaintiff "had ample notice of the defect in service, . . . did not attempt correction within the statutory period," and "chose to dispute the validity of service").

Laughlin had ample notice of the defective service as Americana first brought attention to it in September 2022.[2] Further, Laughlin had nearly two months to respond to, investigate, and gather evidence related to Americana's second motion due to a requested extension granted by this Court. *See* ECF Nos. 19, 20. And even with this abundant time, Laughlin presented no good cause argument for why the Court should extend the time for filing service—contending only that service was proper in its briefing. *See* ECF No. 22.

The Court thus has clear authority to dismiss this case. *See Sys. Signs Supplies*, 903 F.2d at 1014. That said, a dismissal without prejudice at this stage would likely time-bar Laughlin from bringing its claim. And because Americana was functionally served, the Court finds that a dismissal here—though permissible—is not just. Due to the small magnitude of the procedural misstep by Laughlin and the non-prejudicial nature of the defect to Americana, the Court grants Laughlin extended time to cure the deficiency.

## ORDER

The Court therefore **DENIES** Defendant's Motion to Dismiss (ECF No. 17), and hereby **ORDERS** that Laughlin must properly serve Americana on or before March 10, 2023.

---

[2] Americana filed its first Motion to Dismiss, which identified the service issue on September 30, 2022, rendered moot by this Court's order to replead according to local and federal rules. ECF Nos. 5, 7.

8

The Court further **ORDERS** that all deadlines are stayed until service is cured.

**SO ORDERED** on this **7th day of February 2023.**

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

9